# EXHIBIT

# A

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (2/28/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____LAW_____ DIVISION

MADELINE WINDSOR; DAVID WINDSOR; and GIOVANI ALICEA
_____
(Name all parties)

v.

UNITED PARCEL SERVICE, INC., et al.

No. __2015L010243__
CALENDAR/ROOM R
TIME 00:00
PI Motor Vehicle

● SUMMONS  ○ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

● Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

○ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

○ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

○ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 44386
Name: Glen J. Dunn & Associates, Ltd.
Atty. for: Plaintiffs
Address: 221 N. LaSalle Street, Suite 1414
City/State/Zip: Chicago, Illinois 60601
Telephone: (312) 546-5056

WITNESS, _____,_____

_____
Clerk of Court DOROTHY BROWN
CLERK OF CIRCUIT COURT

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MADELINE WINDSOR;<br>DAVID WINDSOR; and GIOVANI<br>ALICEA, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No. |
| RONALD LAUMAN; UNITED PARCEL<br>SERVICE, INC.; ARTURO CABRERA;<br>and GILBERTO QUINONES<br>MALDONADO, | )<br>)<br>)<br>)<br>) | 2015L010243<br>CALENDAR/ROOM R<br>TIME 00:00 |
| Defendants. | ) | PI Motor Vehicle |

## COMPLAINT AT LAW

NOW COME the Plaintiffs, MADELINE WINDSOR, DAVID WINDSOR and GIOVANI ALICEA, by and through their attorneys, GLEN J. DUNN & ASSOCIATES, LTD., and for their cause of action against Defendants, RONALD LAUMAN; UNITED PARCEL SERVICE, INC.; ARTURO CABRERA; and GILBERTO QUINONES MALDONADO, state as follows:

### COMMON FACTS

1. On or about March 18, 2014, at or around 4 A.M., Defendant GILBERTO QUINONES MALDONADO (hereinafter referred to as "MALDONADO") was operating a 1997 Mitsubishi Eclipse (hereinafter referred to as "Eclipse") travelling eastbound on I-90 Indiana Toll Road (hereinafter referred to as "I-90"), a two-way/four-lane highway, in the city of Hammond, Indiana.

2. On and before March 18, 2014, the Eclipse was registered to Defendant ARTURO CABRERA (hereinafter referred to as "CABRERA").

1

3. On March 18, 2014, MALDONADO's blood alcohol level was above the legal limit while he was operating and being in control of the Eclipse.

4. On March 18, 2014, MALDONADO was intoxicated while operating and being in control of the Eclipse.

5. On March 18, 2014, MALDONADO was impaired while operating and being in control of the Eclipse.

6. On March 18, 2014, MALDONADO was operating the Eclipse with both headlights off.

7. On March 18, 2014, MALDONADO crossed the center divider into the outside lane of the oncoming westbound lanes of I-90.

8. On March 18, 2014, Defendant RONALD LAUMAN (hereinafter referred to as "LAUMAN") was driving a 2013 Mack Pinnacle tractor-trailer (hereinafter referred to as "UPS Truck") with three trailers attached, heading westbound on the outside lane of the I-90.

9. On and before March 18, 2014, the UPS Truck was registered to Defendant UNITED PARCEL SERVICES, INC. (hereinafter referred to as "UPS, INC.") and was in operation as a commercial vehicle.

10. On March 18, 2014, LAUMAN was operating the UPS Truck in the scope and course of his employment duties as a driver for Defendant UPS, INC., for the benefit of UPS, INC.

11. On March 18, 2014, subsequent to the Eclipse crossing the center divider onto oncoming traffic, both the Eclipse and the UPS Truck were traveling in the outside lane of I-90, moving in opposite directions of travel.

12. On March 18, 2014, the Eclipse and the UPS Truck collided and each vehicle struck one another's passenger sides head-on.

13. On March 18, 2014, the Eclipse came to rest in the inside lane of the highway, facing east, towards the opposite direction of traffic.

14. On March 18, 2014, the Eclipse came to rest in the inside lane of the highway, with all of its lights remaining off.

15. On March 18, 2014, subsequent to the crash, the UPS Truck was still operable.

16. On March 18, 2014, subsequent to the crash, LAUMAN was capable of operating the UPS Truck.

17. On March 18, 2014, subsequent to the crash, LAUMAN operated and parked the UPS Truck in the outside lane of the highway and came to rest there with its hazard lights activated.

18. On March 18, 2014, as a result of the parking locations of both vehicles, all westbound lanes were blocked for oncoming highway traffic.

19. On March 18, 2014, the section of I-90 where both vehicles had come to a stop did not have shoulders.

20. On March 18, 2014, the section of I-90 where both vehicles had come to a stop did not have overhead lighting to illuminate the roadway.

21. On March 18, 2014, Plaintiff DAVID WINDSOR was operating his 2013 Chevrolet Envoy (hereinafter referred to as "Envoy") with MADELINE WINDSOR and GIOVANI ALICEA as passengers, travelling westbound on I-90.

22. On March 18, 2014, Plaintiffs were traveling towards the crash area in the outside lane.

23. On March 18, 2014, DAVID WINDSOR was operating the Envoy within the posted speed limit with his lights on and was keeping proper look out.

24. On March 18, 2014, MADELINE WINDSOR did not interfere with DAVID WINDSOR's ability to drive.

25. On March 18, 2014, GIOVANI ALICEA did not interfere with DAVID WINDSOR's ability to drive.

26. On March 18, 2014, Plaintiff DAVID WINDSOR saw the UPS Truck parked in the outside lane and switched to the inside lane to pass.

27. On March 18, 2014, DAVID WINDSOR was not able to and did not see the Eclipse which had been parked in the inside lane because there were no lights activated on the Eclipse.

28. On March 18, 2014, DAVID WINDSOR was not able maneuver his Envoy around the UPS Truck or the Eclipse because the two vehicles were blocking all westbound lanes of the highway and the highway did not have a shoulder lane.

29. On March 18, 2014, the Envoy collided with the passenger side of the Eclipse.

## COUNT I

### NEGLIGENCE – RONALD LAUMAN

1-29. Plaintiffs, repeat and re-allege, and incorporate by reference herein, paragraphs one (1) through twenty-seven (27) of the Common Facts above as and for paragraphs one (1) through twenty-seven (27) of this Count I.

29. On or about March 18, 2014, LAUMAN had a duty as the driver and/or operator of the UPS truck to exercise reasonable care at all times to avoid placing himself or others in danger and to exercise reasonable care to avoid a collision while using a public highway.

4

23. On or about March 18, 2014, LAUMAN also had a duty as the driver and/or operator of the UPS truck to exercise reasonable care in safely parking the vehicle in a location that would allow for a reduced risk of harm to others travelling on the highway.

24. On or about March 18, 2014, LAUMAN was not incapacitated and his vehicle was operational after the collision.

25. On or about March 18, 2014, LAUMAN had the ability to park the UPS truck in a safe location.

26. On or about March 18, 2014, LAUMAN had road flares and hazard cones available to place around the collision scene.

27. On or about March 18, 2014, LAUMAN had the ability and a sufficient amount of time to place road flares and cones around the collision scene.

28. On or about March 18, 2014, LAUMAN had the ability and a sufficient amount of time to park the UPS truck in a location where it did not block oncoming highway traffic.

28. On or about March 18, 2014, LAUMAN failed to exercise reasonable care when performing one of the following negligent acts or omissions:

   a. Failed to park the truck and trailers in the inside lane so as to clear a way for highway traffic to safely pass through; and/or

   b. Failed to ignite and set road flares to put approaching vehicles on notice of a hazard; and/or

   c. Failed to place cones for approaching drivers to see and avoid collision with the parked vehicles on the highway.

29. As a direct and proximate result of one or more of these negligent acts or omissions, Plaintiffs, MADELINE WINDSOR, DAVID WINDSOR and GIOVANI ALICEA were injured when their vehicle collided with the Eclipse causing them to sustain injuries of a physical, personal and pecuniary nature.

WHEREFORE, Plaintiffs, MADELINE WINDSOR, DAVID WINDSOR and GIOVANI ALICEA, demand judgment against Defendant, RONALD LAUMAN, for the personal and pecuniary injuries they have sustained in an amount in excess of $50,000.

## COUNT II

### RESPONDEAT SUPERIOR – UPS, INC.

1-21. Plaintiffs, repeat and re-allege, and incorporate by reference herein, paragraphs one (1) through twenty-one (21) of the Common Facts above as and for paragraphs one (1) through twenty-one (21) of this Count II.

22. On or about March 18, 2014, LAUMAN was wearing a UPS uniform.

23. On or about March 18, 2014, LAUMAN was receiving payment for his services as a UPS truck driver.

24. On or about March 18, 2014, LAUMAN was acting within the course of his employment while driving for the benefit of UPS.

25. On or about March 18, 2014, UPS, INC. by and through its employee, LAUMAN, owed a duty to MADELINE WINDSOR, DAVID WINDSOR and GIOVANI ALICEA, to exercise reasonable care in the safe operation of its vehicle and to protect other drivers from an unreasonable risk of harm.

26. On or about March 18, 2014, UPS, INC., by and through its employee, LAUMAN, also had a duty as the driver and/or operator of the UPS Truck to exercise reasonable care in safely parking the vehicle in a location that would allow for a reduced risk of harm for others on the highway, post a collision.

27. On or about March 18, 2014, LAUMAN was not incapacitated and his vehicle was fully operational after the collision.

28. On or about March 18, 2014, LAUMAN had the ability to park the UPS Truck in a safe location.

29. On or about March 18, 2014, LAUMAN had road flares and hazard cones to place around the collision scene.

30. On or about March 18, 2014, LAUMAN had the ability and a sufficient amount of time to place road flares and cones around the collision scene.

28. On or about March 18, 2014, LAUMAN had the ability and a sufficient amount of time to park the UPS truck in a location where it did not block oncoming highway traffic.

31. On or about March 18, 2014, UPS, INC., by and through its employee, LAUMAN, failed to exercise reasonable care when performing one of the following negligent acts or omissions:

    a. Failed to station the truck and trailers in the inside lane so as to clear a way for traffic to safely pass through; and/or

    b. Failed to ignite and set road flares to put approaching vehicles on notice of a hazard.

    c. Failed to place cones for approaching drivers to see and avoid collision with the parked vehicles on the highway.

32. As a direct and proximate result of one or more of these negligent acts or omissions, Plaintiffs, MADELINE WINDSOR, DAVID WINDSOR and GIOVANI ALICEA were injured when their vehicle collided with the Eclipse causing them to sustain injuries of a physical, personal and pecuniary nature.

WHEREFORE Plaintiffs, MADELINE WINDSOR, DAVID WINDSOR, and GIOVANI ALICEA, demand judgment against Defendant, UPS, INC., for the personal and pecuniary injuries they have sustained in an amount in excess of $50,000.

## COUNT III

## INSTITUTIONAL NEGLIGENCE – UPS, INC.

1-21.   Plaintiffs, repeat and re-allege, and incorporate by reference herein, paragraphs one (1) through twenty-one (21) of the Common Facts above as and for paragraphs one (1) through twenty-one (21) of this Count III.

22.   At all times relevant herein, and upon information and belief, UPS, INC. did not have an adequate performance standard in place to ensure that its commercial truck drivers performed their job duties in accordance with Federal Motor Carrier Safety Administration (FMCSA) guidelines and regulations.

23.   At all times relevant herein, and upon information and belief, there were FMCSA guidelines and regulations in effect, relating to post-collision procedures and the requirement to set warning signs, cones and/or flares to put all oncoming vehicles on notice of a hazardous condition on the roadway.

23.   At all times relevant herein, and upon information and belief, UPS, INC. did not adequately inform Defendant LAUMAN of FMCSA's guidelines and regulations relating to post-collision procedures - namely that he was required to set warning signs, cones and/or flares to put all oncoming vehicles on notice of a hazardous condition on the roadway - to ensure that he understood and followed said guidelines and regulations when performing post-collision procedures.

24.   At all times relevant herein, and upon information and belief, UPS, INC. did not have an adequate performance standard in place to ensure that the FMCSA's post-collision guidelines and regulations were being followed and correctly implemented by its commercial truck drivers.

8

25. At all times relevant herein, UPS, INC. owed a duty of reasonable care to Plaintiffs.

26. At all times relevant herein, UPS, INC. owed to Plaintiffs the duty to teach and train its drivers to set warnings and/or other hazardous condition signals to warn approaching vehicles of a known danger in the case of a highway collision involving a UPS Truck, in accordance with FMCSA post-collision guidelines and procedures.

27. At all times relevant herein, UPS, INC. owed the duty to Plaintiffs to train, educate, and/or adequately inform its commercial truck drivers of the FMCSA's guidelines and regulations, to ensure the safety of other motorists travelling on the highway.

28. On and before March 18, 2014, and at all times relevant herein, UPS, INC., individually and by and through its employees, agents and apparent agents, failed to exercise reasonable care by committing one or more of the following acts or omissions:

   (a) Failure to implement adequate performance standards to ensure that its commercial truck drivers, including ROBERT LAUMAN, performed their job duties in accordance with the FMCSA guidelines and procedures; and/or

   (b) Failure to periodically review the performance of its commercial truck drivers, including ROBERT LAUMAN, to determine whether they were adequately following FMCSA guidelines and procedures; and/or

   (c) Failure to adequately inform ROBERT LAUMAN of the FMCSA's guidelines and procedures relating to the warning devices and signals to be used during post-collision procedures; and/or

   (d) Failure to adequately train ROBERT LAUMAN of the FMCSA's guidelines and procedures relating to the warning devices and signals to be used during post-collision procedures; and/or

26. As a direct and proximate result of one or more of these negligent acts or omissions, Plaintiffs, MADELINE WINDSOR, DAVID WINDSOR and GIOVANI ALICEA

9

were injured when their vehicle collided with the Eclipse causing them to sustain injuries of a physical, personal and pecuniary nature.

WHEREFORE, Plaintiffs, MADELINE WINDSOR, DAVID WINDSOR and GIOVANI ALICEA, demand judgment against Defendant, UPS, INC., for the personal and pecuniary injuries they have sustained in an amount in excess of $50,000.

## COUNT IV

### NEGLIGENCE– GILBERTO QUINONES MALDONADO

1-21. Plaintiffs, repeat and re-allege, and incorporate by reference herein, paragraphs one (1) through twenty-one (21) of the Common Facts above as and for paragraphs one (1) through twenty-one (21) of this Count IV.

22. On or about March 18, 2014, Defendant MALDONADO was operating the Eclipse while tired, fatigued and/or drowsy.

23. On March 18, 2014, MALDONADO's blood alcohol level was above the legal limit while he was operating and being in control of the Eclipse.

4. On March 18, 2014, MALDONADO was intoxicated while operating and being in control of the Eclipse.

5. On March 18, 2014, MALDONADO was impaired while operating and being in control of the Eclipse.

6. On March 18, 2014, MALDONADO was operating the Eclipse with both headlights off.

23. On or about March 18, 2014, the Eclipse had functional headlights and hazard lights.

24. On or about March 18, 2014, Defendant MALDONADO had a duty as the driver and/or operator of the Eclipse to exercise reasonable care at all times to avoid placing himself or others in danger and exercise reasonable care at all times to avoid a collision while operating a vehicle on a public highway.

25. On or about March 18, 2014, MALDONADO failed to exercise reasonable care when performing one of the following negligent acts or omissions:

 a. Operating a motor vehicle while being tired, fatigued and/or drowsy;

 b. Operating a motor vehicle while being legally intoxicated;

 c. Failing to keep a proper and sufficient lookout;

 d. Failing to use headlights while driving at night;

 e. Crossing the center divider of I-90 into oncoming traffic; and/or

 f. Failing to activate his vehicle's hazard lights after the collision with the UPS Truck.

26. As a direct and proximate result of one or more of these negligent acts or omissions, Plaintiffs, MADELINE WINDSOR, DAVID WINDSOR and GIOVANI ALICEA were injured when their vehicle collided with the Eclipse causing them to sustain injuries of a physical, personal and pecuniary nature.

WHEREFORE, Plaintiffs, MADELINE WINDSOR, DAVID WINDSOR and GIOVANI ALICEA, demand judgment against Defendant, ALBERTO QUINONES MALDONADO, for the personal and pecuniary injuries they have sustained in an amount in excess of $50,000.

## COUNT V

## NEGLIGENT ENTRUSTMENT – ARTURO CABRERA

1-21. Plaintiffs, repeat and re-allege, and incorporate by reference herein, paragraphs one (1) through twenty-one (21) of the Common Facts above as and for paragraphs one (1) through twenty-one (21) of this Count V.

22. On or before March 18, 2014, Defendant CABRERA owned, leased and/or maintained the Eclipse.

23. On or before March 18, 2014, Defendant MALDONADO displayed signs of being tired, fatigued and/or drowsy before taking control of the Eclipse.

24. On or before March 18, 2014, Defendant MALDONADO displayed signs of being intoxicated before taking control of the Eclipse.

24. On or about March 18, 2014, upon information and belief, CABRERA knew or should have known that his son MALDONADO was tired, fatigued and/or drowsy to operate a vehicle before he allowed his son to operate the Eclipse.

25. On or about March 18, 2014, upon information and belief, CABRERA knew or should have known that his son MALDONADO was not able to operate a vehicle because he displayed signs of being intoxicated.

25. On or about March 18, 2014, upon information and belief, CABRERA knew or should have known that his son being tired, fatigued and/or drowsy made him unfit to operate a motor vehicle.

26. On or about March 18, 2014, upon information and belief, CABRERA knew or should have known that his son being intoxicated made him unfit to operate a motor vehicle.

12

26. On or about March 18, 2014, CABRERA had a duty to prevent an unreasonable risk of harm to others from the negligent operation and/or control of his vehicle, the Eclipse.

27. On or about March 18, 2014, upon information and belief, CABRERA failed to exercise reasonable care when performing one or more of the following negligent acts or omissions:

   a. Permitting his son, MALDONADO, to use the vehicle even after being aware that his son was tired, fatigued and/or drowsy; and/or

   b. Permitting his son, MALDONADO, to use the vehicle even though he was unfit to drive; and/or

   c. Permitting his son, MALDONADO, to use the vehicle even after being aware that his son was intoxicated.

28. As a direct and proximate result of one or more of these negligent acts or omissions, Plaintiffs, MADELINE WINDOSR, DAVID WINDSOR and GIOVANI ALICEA were injured when their vehicle collided with the Eclipse causing them to sustain injuries of a physical personal and pecuniary nature.

WHEREFORE Plaintiffs, MADELINE WINDSOR, DAVID WINDSOR, and GIOVANI ALICEA, demand judgment against Defendant, ARTURO CABRERA, for the personal and pecuniary injuries they have sustained in an amount in excess of $50,000.

### COUNT VI

### WILLFUL AND WANTON CONDUCT – GILBERTO QUINONES MALDONADO

1-21. Plaintiffs, repeat and re-allege, and incorporate by reference herein, paragraphs one (1) through twenty-one (21) of the Common Facts above as and for paragraphs one (1) through twenty-one (21) of this Count VI.

22. Said conduct by MALDONADO was performed willful and wanton.

23. As a direct and proximate result of one or more of the above foregoing acts of

13

willful and wanton misconduct, Defendant, MALDONADO, did at the time and at the place complained of herein, drive his vehicle while he was tired, fatigued and/or drowsy, and caused a collision with the Plaintiff herein.

24. As a direct and proximate result of one or more of the above foregoing acts of willful and wanton misconduct, Defendant, MALDONADO, did at the time and at the place complained of herein, drive his vehicle while intoxicated and caused a collision with the Plaintiff herein.

WHEREFORE, Plaintiffs, MADELINE WINDSOR, DAVID WINDSOR and GIOVANI ALICEA, pray for a judgment against Defendant, ALBERTO QUINONES MALDONADO, for the personal and pecuniary injuries they have sustained in an amount in excess of $50,000.

## COUNT VII

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – ROBERT LAUMAN

1-21. Plaintiffs, repeat and re-allege, and incorporate by reference herein, paragraphs one (1) through twenty-one (21) of the Common Facts above as and for paragraphs one (1) through twenty-one (21) of this Count VII.

22. That as a result of LAUMAN parking the UPS Truck on the outside lane of said highway, both lanes of traffic were effectively blocked from allowing safe passage for motorists.

23. Immediately prior to the collision, Plaintiffs feared the imminent harm about to take place the moment before their vehicle struck the Eclipse.

24. That as a result of striking the Eclipse, Plaintiffs suffered an immediate or instinctive emotional response which was severe, extreme, and traumatizing.

26. Plaintiff, MADELINE WINDSOR, continues to suffer such an emotional response as a result of the permanence of her injuries and her inability to attend to her normal

14

affairs of her life.

WHEREFORE, Plaintiffs, MADELINE WINDSOR, DAVID WINDSOR and GIOVANI ALICEA, pray for a judgment against Defendant, ROBERT LAUMAN, for the personal and pecuniary injuries they have sustained in an amount in excess of $50,000.

## COUNT VIII

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – UPS, INC.

1-21. Plaintiffs, repeat and re-allege, and incorporate by reference herein, paragraphs one (1) through twenty-one (21) of the Common Facts above as and for paragraphs one (1) through twenty-one (21) of this Count VIII.

22. That as a result of the actions of UPS, INC., by and through its employee, LAUMAN, parking the UPS Truck in the outside lane of said highway, both lanes of traffic were effectively blocked from allowing safe passage for motorists.

23. Immediately prior to the collision, Plaintiffs feared the imminent harm about to take place the moment before their vehicle struck the Eclipse.

24. That as a result of striking the Eclipse, Plaintiffs suffered an immediate or instinctive emotional response which was severe, extreme, and traumatizing. Plaintiff, MADELINE WINDSOR, continues to suffer such an emotional response as a result of the permanence of her injuries and her inability to attend to her normal affairs of her life.

WHEREFORE, Plaintiffs, MADELINE WINDSOR, DAVID WINDSOR and GIOVANI ALICEA, pray for a judgment against Defendant, UPS, INC., for the personal and pecuniary injuries they have sustained in an amount in excess of $50,000.

## COUNT IX

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – GILBERTO QUINONES MALDONADO

1-21. Plaintiffs, repeat and re-allege, and incorporate by reference herein, paragraphs one (1) through twenty-one (21) of the Common Facts above as and for paragraphs one (1) through twenty-one (21) of this Count IX.

22. Immediately prior to the collision, Plaintiffs feared the imminent harm about to take place the moment before their vehicle struck the Eclipse.

23. That as a result of striking the Eclipse, Plaintiffs suffered an immediate or instinctive emotional response which was severe, extreme, and traumatizing. Plaintiff, MADELINE WINDSOR, continues to suffer such an emotional response as a result of the permanence of her injuries and her inability to attend to her normal affairs of her life.

WHEREFORE, Plaintiffs, MADELINE WINDSOR, DAVID WINDSOR and GIOVANI ALICEA, pray for a judgment against Defendant, GILBERTO QUINONES MALDONADO, for the personal and pecuniary injuries they have sustained in an amount in excess of $50,000.

Respectfully submitted,

By: _____

Glen J. Dunn, Jr.
Haig A. Himidian
GLEN J. DUNN & ASSOCIATES, LTD.
221 North LaSalle Street, Suite 1414
Chicago, Illinois 60601
Phone: (312) 546-5056

*Attorneys for the Plaintiffs*