IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MADELINE WINDSOR, et al., )<br>)<br>    Plaintiffs, )<br>)<br>    v. )<br>)<br>UNITED PARCEL SERVICE, et al., )<br>)<br>    Defendants. ) | No. 15-cv-11119<br><br>Judge Andrea R. Wood |

## ORDER

Defendant United Parcel Service's motion to transfer venue [11] [25] is granted. The Clerk is directed to transfer this case to the United States District Court for the Northern District of Indiana. Defendant Ronald Lauman's motion to dismiss for lack of personal jurisdiction [9] [21] is denied without prejudice. All other pending motions and hearing dates are stricken. For details, see the accompanying Statement. Civil case terminated.

## STATEMENT

Madeline Windsor, David Windsor, and Giovani Alicia ("Plaintiffs") were involved in a car crash while they were driving in Hammond, Indiana on their way home to Chicago, Illinois. As alleged in their complaint,[1] at about 4:00 a.m. on March 18, 2014, Gilberto Quinones Maldonado was driving drunk in Arturo Cabrera's car. Although traveling eastbound, Maldonado crossed the median of the Indiana Toll Road onto the side of the tollway for westbound traffic. Maldonado and Ronald Lauman, the latter driving a United Parcel Service ("UPS") truck, collided head-on. After the collision, Lauman stopped his truck in the outside lane of the westbound side of the tollway. Maldonado stopped the car that he was driving in the inside lane. Driving westbound, David Windsor saw the UPS truck but did not see the car and thus collided with it. The collision injured David Windsor and his passengers, Madeline Windsor and Alicia.

After the accident, Plaintiffs sued UPS, Lauman, Cabrera, and Maldonado in Illinois state court in Chicago. UPS subsequently removed the case to the United States District Court for the Northern District of Illinois on the basis of federal diversity jurisdiction. *See* 28 U.S.C. § 1332. Now UPS seeks to have the case transferred from this District to the Northern District of Indiana

---

[1] In considering a motion to transfer venue, the Court accepts as true all allegations in the complaint that are well-pleaded and not controverted by a defendant's affidavits. *See Sickman v. Asset Recovery Sols., LLC*, No. 14-cv-09748, 2015 WL 1911431, at *1 n.1 (N.D. Ill. Apr. 27, 2015).

pursuant to 28 U.S.C. § 1404(a).[2] That statute provides that, even when venue is appropriate where a case is currently pending, the Court nonetheless "may transfer any civil action to any other district . . . where it might have been brought" if certain factors weigh in favor of doing so. *Id.* "[T]he three factors specifically mentioned in § 1404(a) [are] the convenience of the parties, the convenience of the witnesses, and the interest of justice . . . ." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 218 n.3 (7th Cir. 1986).[3]

A party seeking transfer to a different venue "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Id.* at 219–20. The movant must show that the forum where the case has been filed is inconvenient to him and that his proposed alternative forum does not inconvenience the plaintiff significantly. *See Con't Cas. Co. v. Staffing Concepts, Inc.,* No. 06-cv-05473, 2009 WL 3055374, at *5 (N.D. Ill. Sep. 18, 2009). Courts also consider "the availability of and access to witnesses, and each party's access to and distance from resources in each forum," as well as "the location of material events and the relative ease of access to sources of proof." *Research Automation, Inc. v. Schrader–Bridgeport Int'l, Inc.,* 626 F.3d 973, 978 (7th Cir. 2010). "In passing on a motion to transfer, the district judge must consider the statutory factors in light of all the circumstances of the case." *Coffey*, 796 F.2d at 218. This analysis "necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Id.* at 219.

A.   **Convenience of Parties**

The Court first considers the convenience to the parties. Although the Court "must also give some weight to the plaintiff[s'] choice of forum," *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas,* 134 S. Ct. 568, 581 n.6 (2013), deference to the plaintiff's choice of forum diminishes in significance where the forum "bears little connection to the litigation." *Poole v. Saddler,* No. 13–cv–4984, 2014 WL 585306, at *6 (N.D. Ill. Feb. 14, 2014). Here, Plaintiffs have chosen the Northern District of Illinois as their forum even though all of the relevant events took place in Indiana.

There is no dispute that Plaintiffs all live in Chicago. Thus, this District would be a more convenient forum for them. For its part, UPS acknowledges that this Court has personal jurisdiction over it but argues that this District is nonetheless an inconvenient forum for a variety of reasons, including that the relevant events did not occur here and many of the witnesses do not

---

[2] Congress has authorized plaintiffs to bring a civil action in a judicial district (1) "in which any defendant resides, if all defendants are residents of the state in which the district is located;" (2) "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated;" or (3) "in which any defendant is subject to the court's personal jurisdiction," so long as there is no district that satisfies one of the first two criteria. 28 U.S.C. § 1391(b). The parties here do not dispute that venue would be proper in either the Northern District of Illinois or the Northern District of Indiana.

[3] The Seventh Circuit has noted that the "factors are best viewed as placeholders for a broader set of considerations, the contours of which turn upon the particular facts of each case." *Coffey*, 796 F.2d at 218 n.3.

2

reside here. Those considerations do not speak to the convenience of *the parties*, however, and will be addressed in the Court's analysis of the convenience of witnesses and the interest of justice. UPS does not provide any basis for this Court to conclude that the Northern District of Indiana is more convenient for it than the Northern District of Illinois. Maldonado and Cabrera, on the other hand, reside in the Northern District of Indiana, and thus that district would appear to be more convenient for them.[4] So the Northern District of Illinois is more convenient for Plaintiffs; the Northern District of Indiana is more convenient for two Defendants, and neither district is more convenient than the other for the third Defendant. In sum, the convenience of the parties does not clearly weigh in favor of either district.

        **B.**        **Convenience of Witnesses**

Next, the Court must consider the convenience of witnesses. Even with Plaintiffs dismissing their claims against him, Lauman remains a witness in this case—potentially a very important one. Thus, his convenience must be considered along with the other witnesses. In support of its motion to transfer venue, UPS has submitted an affidavit from Lauman, in which he states that he lives in Ohio and that it would be inconvenient for him to travel to this District to testify. (Lauman Aff. ¶¶ 1, 12, Dkt. No. 40-1.) Lauman further attests that, "Hammond, Indiana is a more convenient forum for [him] to travel to and from to litigate this dispute, as it is closer to [his] home in Ohio." (*Id.* ¶ 13.)

The other third-party witnesses include the law enforcement and fire department personnel who first responded to the scene of the accident. Plaintiffs have not alleged where any of those first-responder witnesses live. Meanwhile, UPS has argued that those witnesses work, and most likely live, in Indiana. (*See, e.g.*, Def.'s Br. in Supp. Mot. to Transfer at 6, Dkt. No. 12.) Plaintiffs contend that UPS has not proved that the first-responder witnesses live in Indiana or even that they still work there. (*See, e.g.*, Pls.' Resp. at 5, Dkt. No. 39 (observing that "neither Plaintiffs nor Defendants know where [the first responders] reside"); *but see* Pl. David Windsor's Answers to Venue Interrogatories ¶ 6, Dkt. No. 39 at 11 of 24 (identifying at least five witnesses with addresses outside of Illinois).) But UPS has submitted websites documenting the requirement that employees of the first-responder agencies that responded to the crash live in Indiana. (*See, e.g.*, Merrillville Police Dep't, Employment Opportunities, Ex. C, Dkt. No. 40; Ind. St. Police Eligibility and Requirements, Ex. F., Dkt. No. 40.)

Having considered the limited evidence in the record regarding the location and convenience of third-party witnesses, the Court concludes that this factor weighs slightly in favor of the Northern District of Indiana as the more convenient forum.

As a final note regarding the convenience to parties and witnesses, the Court observes that the federal courthouses in Chicago, Illinois and Hammond, Indiana are only about 25 miles apart. Thus, the inconvenience to parties and witnesses who reside in one city caused by having to travel to the other city would not appear to be particularly burdensome. And third-party witnesses who are within the subpoena power of one court may very well be within the subpoena

---

[4] In response to Lauman's personal jurisdiction argument, Plaintiffs have agreed to dismiss their claims against him, which would make him a witness rather than a party.

power of the other. So while the convenience of the parties and witnesses slightly favors the Northern District of Indiana, this Court would not consider the difference significant enough to outweigh Plaintiffs' choice of forum if it were not for the third factor—the interest of justice.

### C. Interest of Justice

The Court evaluates the interest of justice "by looking at docket congestion, speed to trial, familiarity with the law, the desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Luera v. Godinez*, No. 13-CV-02041, 2015 WL 1538613, at *5 (N.D. Ill. Mar. 30, 2015).

Although the docket in this District is more congested than that of the Northern District of Indiana in terms of the sheer number of civil cases, cases are resolved slightly more quickly here. On December 31, 2015, there were 1,103 private civil cases pending in the Northern District of Illinois and 459 pending in the Northern District of Indiana. (*See* Fed. Judicial Cntr., Table C-1, U.S. District Courts—Civil Cases Filed, Terminated, and Pending, by Jurisdiction–During During the 12-Month Period Ending December 31, 2015.) Yet the median time from filing to disposition of civil cases in this District is 7.2 months, while in the Northern District of Indiana, it is 16.7 months. Notably, the difference is less for cases that proceed to trial. The median time for civil cases disposed of at trial in this District is 32.6 months; in the Northern District of Indiana, it is 36.1 months. (*See* Fed. Judicial Cntr., Table C-5, U.S. District Courts—Median Time Intervals from Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition, During the 12-Month Period Ending December 31, 2015.) This Court does not consider the difference in their respective dockets to favor one District over the other.

The substantive law likely to be applied in this tort case is that of the state of Indiana, as that is where the accident and related injuries occurred. The conduct of the parties also might have been governed by local traffic or other laws. A federal court in Indiana is more likely to be familiar with that state's law than a federal court in Illinois. Perhaps more important from an interest of justice perspective, however, is the relationship between the Northern District of Indiana and events that form the basis for this lawsuit. The state and the local community in which an allegedly tortious accident occurs generally have a stronger interest in resolving disputes arising out of that incident than do other jurisdictions, even those in which some of the participants live. The primary evidence in this case will revolve around conduct in the Northern District of Indiana and the bulk of what Plaintiffs will have to prove occurred there. Finally, proceeding in the Northern District of Indiana would likely eliminate Lauman's personal jurisdiction objection and permit joinder of Lauman as a defendant in this case, allowing the case to proceed with the originally intended parties and thus arguably serving the ends of justice by including all potentially culpable parties.

**D.     Conclusion**

Considering all of the circumstances of this case, the Court finds that the Northern District of Indiana would be a more convenient forum. While transfer to the Northern District of Indiana may inconvenience Plaintiffs slightly, the material events of the case took place in that district, the majority of the non-party witnesses are likely to work and reside there, and that district has an inherent interest in resolving the main controversy. The Court therefore finds that the § 1404(a) factors favor transfer. Because the Court finds transfer to the Northern District of Indiana to be appropriate, the Court denies without prejudice Lauman's pending motion to dismiss for lack of personal jurisdiction. That motion is premised on the case proceeding in this District and many of its arguments no longer apply in light of the ruling on the motion to transfer.

Date: September 28, 2016                                 _____
                                                                              Andrea R. Wood
                                                                              United States District Judge